# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**JAMES COPE,**

        **Plaintiff,**

**-vs-**　　　　　　　　　　　　　　　　　　　　　　Case No. 6:14-cv-1314-Orl-40DAB

**COMMISSIONER OF SOCIAL SECURITY,**

        **Defendant.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on review of the Commissioner's decision to deny Plaintiff's application for disability benefits. For the reasons set forth herein, it is **respectfully recommended** that the decision of the Commissioner be **AFFIRMED.**

## Procedural History

Plaintiff applied for a period of disability and disability insurance benefits and Supplemental Security Income, alleging that he became unable to work on December 2, 2010 (R. 185-195). The agency denied Plaintiff's applications initially and on reconsideration. Plaintiff requested and received a hearing before an administrative law judge ("the ALJ"). The ALJ subsequently issued an unfavorable decision, finding Plaintiff to be not disabled (R. 10-35). The Appeals Council declined to grant review (R. 1-6), making the ALJ's decision the final decision of the Commissioner.

Plaintiff timely filed his complaint in this action, and the matter has been referred for consideration by the undersigned United States Magistrate Judge. The matter has been fully briefed and the case is now ripe for review pursuant to 42 U.S.C. § 405(g).

## Nature of Claimed Disability

Plaintiff claims to be disabled due to breathing problems, lower back problems, neck problems, stomach ulcers, bad knees, high cholesterol, and high blood pressure (R. 245).

*Summary of Evidence Before the ALJ*

Plaintiff was fifty-three years old as of the date of decision, with at least a high school education, and past relevant work as a heating and air conditioning installer and servicer (R. 26, 45-46, 73).

In addition to the medical reports and opinions of the treating providers, the record includes Plaintiff's testimony and that of a Vocational Expert ("the VE"), written forms and reports completed by Plaintiff, and opinions from state agency reviewers. Although Plaintiff alleged an onset date in 2010, the ALJ determined that Plaintiff engaged in substantial gainful activity through December of 2011, so the ALJ's findings address the period Plaintiff did not engage in substantial gainful activity: January 1, 2012, through the date of the decision, January 24, 2013 (R. 15).

The medical evidence relating to the pertinent time period is well detailed in the ALJ's opinion and in the interest of privacy and brevity will not be repeated here, except as necessary to address Plaintiff's objections. By way of summary, the ALJ found that Plaintiff had the severe impairments of: opiate and alcohol abuse; status post lumbar surgery in 2008 with degenerative disc disease; cervical degenerative disc disease; status post right deep vein thrombosis; pulmonary embolism; and osteoarthritis of the left knee, status post ACL reconstruction in 2001 (20 CFR 404.1520(c)) (R. 16). The ALJ determined that the claimant's hypertension, gonadism, chronic obstructive pulmonary disease (COPD), cardiac problems, and depression and anxiety were non-severe impairments (R. 16-17). The ALJ determined that through the date of the decision, the claimant did not have an impairment or combination of impairments that met or medically equaled one of the listed

impairments in 20 CFR Part 404, Subpart P, Appendix 1 (R. 19). The ALJ then found that Plaintiff had the residual functional capacity ("RFC") to perform a restricted range of light work (Doc. 19), finding:

> He can lift/carry 20 pounds occasionally and 10 pounds frequently; sit and stand 8 hours, but must alternate his body posture every 30 minutes; walk 4 hours; never climb ladders, ropes, and scaffolds; occasionally climb ramps and stairs, bend, balance, stoop, squat, crouch, crawl, and kneel; occasionally reach 10 pounds overhead, but frequently extend and use arms, hands, and shoulders; no vision, hearing, or commmunication restrictions, but he must avoid heights and vibrations.

(R. 19).

With the assistance of the Vocational Expert, the ALJ determined that Plaintiff could not return to his past relevant work, but could perform other jobs that exist in significant numbers in the national economy, and was, therefore, not disabled (R. 26-27).

## Standard of Review

The scope of this Court's review is limited to determining whether the ALJ applied the correct legal standards, *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988), and whether the findings are supported by substantial evidence, *Richardson v. Perales*, 402 U.S. 389, 390 (1971). The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is more than a scintilla – *i.e.,* the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995).

Where the Commissioner's decision is supported by substantial evidence, the district court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the evidence preponderates against the Commissioner's decision. *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991); *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991). The district court must view the evidence as a whole, taking into account evidence favorable

as well as unfavorable to the decision. *Foote*, 67 F.3d at 1560; *accord, Lowery v. Sullivan*, 979 F.2d 835, 837 (11th Cir. 1992) (court must scrutinize the entire record to determine reasonableness of factual findings).

## Issues and Analysis

Plaintiff raises one issue for review, contending that the ALJ failed to apply the correct legal standards to the opinion of Kenneth B. Hawthorne, Jr. , M.D., one of Plaintiff's treating physicians. The Court examines this objection in the context of the sequential evaluation applied by the ALJ.

*The five step assessment*

The ALJ must follow five steps in evaluating a claim of disability. *See* 20 C.F.R. §§ 404.1520, 416.920. First, if a claimant is working at a substantial gainful activity, he is not disabled. 29 C.F.R. § 404.1520(b). Second, if a claimant does not have any impairment or combination of impairments which significantly limit his physical or mental ability to do basic work activities, then he does not have a severe impairment and is not disabled. 20 C.F.R. § 404.1520(c). Third, if a claimant's impairments meet or equal an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1, he is disabled. 20 C.F.R. § 404.1520(d). Fourth, if a claimant's impairments do not prevent him from doing past relevant work, he is not disabled. 20 C.F.R. § 404.1520(e). Fifth, if a claimant's impairments (considering residual functional capacity, age, education, and past work) prevent him from doing other work that exists in the national economy, then he is disabled. 20 C.F.R. § 404.1520(f).

The plaintiff bears the burden of persuasion through Step 4, while at Step 5 the burden shifts to the Commissioner. *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987). Here, the objection goes to the formulation of the RFC. Thus, at all times pertinent to this review, the burden rested with Plaintiff.

*Weighing the Opinions of Treating Physicians*

-4-

According to the record, Dr. Hawthorne is an orthopedic surgeon who first treated Plaintiff in May 2001, well prior to the date of onset (R. 554-556). On December 18, 2001, Dr. Hawthorne performed ACL reconstruction surgery on a ruptured knee ligament, and Plaintiff returned to full duty work thereafter (R. 552). Plaintiff continued to see Dr. Hawthorne every six months for follow-up (R. 21) and continued to work through 2011.

In March 2011, Dr. Hawthorne diagnosed Plaintiff with degenerative disc disease and osteoarthritis in the cervical spine, mild osteoarthritis in the knee joint, and left ACL reconstruction (R. 22, 514). Dr. Hawthorne recommended that Plaintiff take an anti-inflammatory medication and Plaintiff was to follow-up with Dr. Hawthorne in a year. *Id.*

As the ALJ summarized that next visit:

> During his one-year follow-up with Dr. Hawthorne in March of 2012, the claimant was still having pain in the neck, lower back, and left knee. Dr. Hawthorne noted that the claimant's pain was so bad that he was addicted to narcotics, but he slowly stopped the use. Examination revealed a non-antalgic gait. There was pain on range of motion of the cervical and lumbar spine with tenderness over the paraspinal muscles and mild spasms. He had moderate limitation of range of motion of the neck and lower back. He had pain on range of motion of the left knee with tenderness and mild swelling. There was no instability or malalignment present, but there was mild crepitance. Dr. Hawthorne's diagnosis was osteoarthritis of the left knee, degenerative disc disease and osteoarthritis of the lumbar and cervical spine, and history of spine surgery. Dr. Hawthorne believed the claimant was unable to return to any type of job because of chronic neck, back, and left knee pain. He believed the claimant was totally and permanently disabled (Exhibits 27F and 33F).

(R. 23, 720). In June 2012, Dr. Hawthorne opined that Plaintiff could perform less than sedentary work (R. 767).

The Eleventh Circuit has held that whenever a physician offers a statement reflecting judgments about the nature and severity of a claimant's impairments, including symptoms, diagnosis, and prognosis, what the claimant can still do despite his or her impairments, and the claimant's physical and mental restrictions, the statement is an opinion requiring the ALJ to state with particularity the weight given to it and the reasons therefor. *Winschel v. Commissioner of Social*

*Security*, 631 F.3d 1176, 1178–79 (11th Cir. 2011) (citing 20 CRF §§ 404.1527(a)(2), 416.927(a)(2); *Sharfarz v. Bowen*, 825 F.2d 278, 279 (11th Cir. 1987).)

Substantial weight must be given to the opinion, diagnosis and medical evidence of a treating physician unless there is good cause to do otherwise. *See Lewis v. Callahan*, 125 F.3d 1436 (11th Cir. 1997)*; Edwards v. Sullivan*, 937 F.2d 580, 583 (11th Cir. 1991); 20 C.F.R. § 404.1527(d). If a treating physician's opinion on the nature and severity of a claimant's impairments is well-supported by medically acceptable clinical and laboratory diagnostic techniques, and is not inconsistent with the other substantial evidence in the record, the ALJ must give it controlling weight. 20 C.F.R. § 404.1527(d)(2). The ALJ may discount a treating physician's opinion or report regarding an inability to work if it is unsupported by objective medical evidence or is wholly conclusory. *See Edwards*, 937 F.2d 580 (ALJ properly discounted treating physician's report where the physician was unsure of the accuracy of his findings and statements.)

Where a treating physician has merely made conclusory statements, the ALJ may afford them such weight as is supported by clinical or laboratory findings and other consistent evidence of a claimant's impairments. *See Wheeler v. Heckler*, 784 F.2d 1073, 1075 (11th Cir. 1986); *see also Schnorr v. Bowen*, 816 F.2d 578, 582 (11th Cir. 1987). When a treating physician's opinion does not warrant *controlling* weight, the ALJ must nevertheless weigh the medical opinion based on the 1) length of the treatment relationship and the frequency of examination; 2) the nature and extent of the treatment relationship; 3) the medical evidence supporting the opinion; 4) consistency with the record as a whole; 5) specialization in the medical issues at issue; 6) other factors which tend to support or contradict the opinion. 20 C.F.R. § 404.1527(d).

Applied here, the ALJ acknowledged the status of Dr. Hawthorne as a treating specialist, but gave his opinions that Plaintiff was totally and permanently disabled and capable of less than sedentary work "little weight," listing several reasons:

> Dr. Hawthorne has a treatment history with the claimant; however, he did not provide any specific limitations. I note that Dr. Hawthorne only saw the claimant about once a year or so since 2005 for a left knee injury. He had ACL reconstruction in 2001 and wore a brace, but continued to work until 2010 at which time, he stopped working due to a DUI. Furthermore, statements that the claimant is disabled, unable to work, can or cannot perform a past job, meets a Listing or the like are not medical opinions, but are administrative findings dispositive of a case, requiring familiarity with the Regulations and legal standards set forth therein. Such issues are reserved to the Commissioner who cannot abdicate the statutory responsibility to determine the extent to which they are supported by the record (20 CFR 404.1527(d)(2) and Social Security Ruling (96-5p).
>
> I also note that another orthopedic surgeon returned the claimant to full duty work. On September 2, Dr. Gillespy placed the claimant at MMI with a 3% permanent partial impairment rating of the whole body. He released the claimant to full duty work (Exhibit 39F). Furthermore, examinations by Dr. Hawthorne do not document any objective medical findings that would prevent the claimant from performing work activity within the established residual functional capacity. In March of 2011, the claimant did have pain on range of motion of the cervical spine and left knee with tenderness. However, there was no instability or malalignment and gait was non-antalgic (Exhibits 1lF and 27F); and during his one year follow-up in March of 2012, the claimant had pain on range of motion of the cervical and lumbar spine as well as the left knee. However, there was no instability or malalignment, and gait was non-antalgic (Exhibits 27F and 33F). Furthermore, follow-up with his neurosurgeon in March of 2012 revealed only moderate tenderness over the lower cervical midline and paraspinous musculature. There was good range of motion of the right and left shoulder and hip. Straight leg raise was negative bilaterally for radicular type pain, sensation was intact to light touch in the upper and lower extremities, and strength was normal in major flexion and extension groups in upper and lower extremities (Exhibit 34F). I also note that follow-up examinations from his primary care physician from June of 2012 through December of 2012 show motor strength and tone was normal in joints, bones, and muscles; the extremities had normal movements with no contractures, malalignment, tenderness, or bony abnormalities; and the extremities had no cyanosis, edema, or varicosities. During this period, the claimant denied any muscle aches or weakness, arthralgias or joint pain, back pain, or swelling of the extremities (Exhibits 30F, 37F, and 38F). I therefore give great weight to Dr. Gillespy and Dr. Kuhn's reports.

(R. 24-25).

Thus, the ALJ discounted (but did not ignore) Dr. Hawthorne's opinions as being conclusory, unsupported by his treatment notes, inconsistent with other treating physician's findings and reports, inconsistent with Plaintiff's work activities and conservative treatment, and as unsupported statements of disability on an issue reserved for the Commissioner. Plaintiff contends that this is error in that 1)

-7-

Dr. Hawthorne is a long-time treating specialist, and 2) the ALJ failed to establish good cause for rejecting his opinions.

As noted above, all of the reasons articulated by the ALJ are appropriately considered in weighing medical opinions. An ALJ may discount a conclusory opinion, *Edwards,* and an opinion that a claimant cannot work (without specific functional limitation) is conclusory. Too, the ALJ considered the length of the treatment with Dr. Hawthorne, but also properly considered the frequency of examination, which was only one visit a year during the period in question. The ALJ's consideration of medical evidence contradicting the opinion and the opinions' consistency with the record as a whole are also appropriate factors. 20 C.F.R. § 404.1527(d). As for the conclusion that Plaintiff can perform less than sedentary work, "[t]he task of determining a claimant's ability to work is within the province of the ALJ, not a doctor . . ." *Cooper v. Astrue,* 373 Fed.Appx. 961, 962 (11th Cir. 2010); *see also Green v. Social Sec. Admin.,* 223 Fed.Appx. 915, 923 (11th Cir. 2007) ("Although a claimant may provide a statement containing a physician's opinion of her remaining capabilities, the ALJ will evaluate such a statement in light of the other evidence presented and the ultimate determination of disability is reserved for the ALJ. 20 C.F.R. §§ 404.1513, 404.1527, 404.1545."). As the ALJ applied appropriate standards and as her conclusions are supported by the evidence she cites in her decision, no error is shown. Plaintiff's contentions to the contrary are without merit.

The law defines disability as the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. § § 416(I), 423(d)(1); 20 C.F.R. § 404.1505. The impairment must be severe, making the claimant unable to do his or her previous work, or any other substantial gainful activity which exists in the national economy. 42 U.S.C. § 423(d)(2); 20 C.F.R. § § 404.1505-404.1511. The only issue before the Court is whether the decision by the Commissioner that Plaintiff did not meet this standard

is adequately supported by the evidence and was made in accordance with proper legal standards. As the Court finds that to be the case, it must affirm the decision.

## Conclusion

The administrative decision was made in accordance with proper legal standards and is supported by substantial evidence. It is therefore respectfully recommended that it be **AFFIRMED.** If this recommendation is adopted, the Clerk should be directed to enter judgment accordingly and close the file.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on April 20, 2015.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Courtroom Deputy